UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHESTER HENDERSON,<br><br>           Plaintiff,<br><br>   v.<br><br>ABW TECHNOLOGIES, INC.,<br><br>           Defendant. | NO. 07-1426RAJ<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on Plaintiff's motion to continue the trial date and related dates (Dkt. # 16). The Defendant requested oral argument, but the court finds the motion suitable for disposition on the basis of the parties' briefing and supporting evidence. For the reasons explained below, the court DENIES the motion.

## II. BACKGROUND & ANALYSIS

This case was removed to this court on September 14, 2007. On April 7, 2008, the parties filed a joint motion to continue (Dkt. # 12). Based on the parties' representations regarding the Plaintiff's health problems, the court found good cause to continue the trial date to April 27, 2009. *See* Order (Dkt. # 14).

ORDER - 1

At 3:21 p.m. on the day that discovery was scheduled to close, Plaintiff moved for a second continuance. As grounds for another continuance, Plaintiff contends that because the "exact nature, extend, and cause of his injuries are uncertain," "[i]t would serve justice and be prudent for his condition to stabilize [to minimize] the conjecture and speculation." *See* Pltf.'s Mot. at 2-3. Plaintiff also served his first written discovery that same day. Griffin Decl. (Dkt. # 20) ¶ 20.

Fed. R. Civ. P. 16(b)(4) provides that a court's scheduling order "may be modified only for good cause and with the judge's consent." A party demonstrates good cause for modifying a scheduling order by showing that, despite the exercise of due diligence, the scheduled deadlines cannot be met. *See Zivkovic v. Southern Calif. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (holding that party failed to demonstrate good cause where a continuance was requested four months after the scheduling order was issued, and plaintiff had not been diligent in complying with the schedule). If the party seeking a modification did not exercise diligence, then the motion for modification should be denied. *Id.*, 302 F.3d at 1087.

In this case, Plaintiff has not demonstrated good cause for a continuance. He waited until the last day of the discovery period (more than eight months after the scheduling order was issued) before requesting a continuance, without providing any justification for waiting so long. Though he claims to need more information about his medical condition, he has not explained why he has not been able to obtain adequate information in the more than two years since his injury. Although Plaintiff has had difficulty securing medical treatment due to insurance problems — *see* Henderson Decl. (Dkt. # 17) ¶¶ 5-12 — these difficulties were apparent long before the day that discovery was scheduled to close. Plaintiff also waited until the day that discovery was scheduled to close before serving discovery requests. The timeline of this case

ORDER - 2

suggests that the Plaintiff has not been diligent in complying with the court's scheduling order.

Furthermore, a continuance at this point would prejudice the Defendant. Given the deadlines set by court's scheduling order, the Defendant has already started preparing a summary judgment motion. To continue the trial date and other pretrial deadlines at this point would be burdensome to the Defendant.

In light of all of these circumstances, which show that the Plaintiff has not been diligent, the court finds that the Plaintiff has not demonstrated good cause to modify the current scheduling order.

### III.  CONCLUSION

For the reasons explained above, the Plaintiff's motion (Dkt. # 16) is DENIED.

DATED this 29th day of January, 2009.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 3